## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

**JOSE PEGUERO,**

     **Plaintiff,**

                              **CASE NO.:**

**vs.**

**MI BARRIO HALAL LATIN
GRILL, INC., HALAL FOOD CART,
LLC and KHURAM BASHIR,
Individually,**

     **Defendants.** _____/

## VERIFIED COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, JOSE PEGUERO, ("PEGUERO" or "Plaintiff") was an employee of Defendants, MI BARRIO HALAL LATIN GRILL, LLC, ("MI BARRIO"), HALAL FOOD CART, LLC ("HALAL"), and KHURAM BASHIR, Individually ("BASHIR") (collectively referred to as "Defendants") and brings this action for unpaid overtime compensation, improperly retained tips, liquidated damages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## JURISDICTION AND VENUE

1.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2.     The Fair Labor Standards Act was passed in 1938. Its principal purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3.     Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4.     The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5.     To the extent any partial payments have been made by Defendants to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

## **INTRODUCTION**

6.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, minimum wages, tips and an additional equal amount as liquidated damages and reasonable attorney's fees and costs.

7.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

8.     At all times material hereto, Plaintiff, PEGUERO was a resident of Mecklenburg County, North Carolina.

9.      Defendant, MI BARRIO, conducts business in, among others, Mecklenburg County, North Carolina, therefore venue is proper in the Western District of North Carolina, Charlotte Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

10.     Defendant, HALAL, conducts business in, among others, Mecklenburg County, North Carolina, therefore venue is proper in the Western District of North Carolina, Charlotte Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## **PARTIES**

11.     Defendant, MI BARRIO, a North Carolina Limited Liability Corporation, is a company categorized as a restaurant with a location of 7308 E. Independence Blvd., Charlotte, North Carolina 28227.

12.     Defendant, HALAL, a North Carolina Limited Liability Corporation, is a company categorized as a mobile restaurant with locations of 9430 University City Blvd., Charlotte, North Carolina 28213 and 101 N. Tryon Street, Charlotte, North Carolina 28202.

13.     At all times relevant to this action, BASHIR was an individual resident of the State of North Carolina, who owned and/or operated MI BARRIO and HALAL, and who regularly exercised the authority to: (a) hire and fire employees of MI BARRIO and HALAL; (b) determine the work and pay schedules for the employees of MI BARRIO and HALAL; (c) control the finances and operations of MI BARRIO and HALAL; and (d) was responsible for the overall business operations of MI BARRIO and HALAL.

14.     Plaintiff was employed by Defendants as an hourly or salary paid, non-exempt employee from on or around August 2018 through December 2023.

## **COVERAGE**

15.     At all material times during the last three years, Defendant, MI BARRIO was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203 (r) and 203 (s).

16.     At all material times during the last three years, Defendant, HALAL was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203 (s).

17.     Defendants MI BARRIO and HALAL each provide restaurant and food services to its customers.

18.     Defendants MI BARRIO and HALAL perform related activities, through a unified operation or common control, and for a common business purpose.

19.     At all material times, Defendants MI BARRIO and HALAL have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

20.     At all times material, Defendants MI BARRIO and HALAL have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

      a.  Engaged in commerce; or

      b.  Engaged in the production of goods for commerce; or

      c.  Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. mobile food cart, restaurant and cooking equipment, food and kitchen supplies and/or office supplies).

21.     Therefore, Defendants MI BARRIO and HALAL operate as a joint enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203(s).

## **GENERAL ALLEGATIONS**

22.     Defendant, MI BARRIO, is a company classified as a restaurant.

23.     Defendant, HALAL, is a company classified as a mobile restaurant.

24.     At all material times during the last three years, Defendants were employers as defined by 29 U.S.C. § 203(d).

25.     Defendants control and supervise their employees and also have the power to determine rates of pay and hire/fire them.

26.     Plaintiff earned a hourly rate in exchange for work performed for Defendants from the beginning of his employment through approximately April 2021.

27.     From approximately July 2021 through his last date of employment, Plaintiff earned a weekly salary in exchange for work performed as an employee for Defendants.

28.     Plaintiff performed cashier and cook duties for Defendants at their MI BARRIO location of 7308 E. Independence Blvd., Charlotte, North Carolina 28227.

29.     Plaintiff performed cashier and cook duties for Defendants at their HALAL Locations of 9430 University City Blvd., Charlotte, North Carolina 28213 and 101 N. Tryon Street, Charlotte, North Carolina 28202.

30.     Defendants were joint "employers" of Plaintiff within the meaning of the FLSA.

31.     Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

32.     Plaintiff regularly worked in excess of forty (40) hours per week throughout his employment with Defendants.

33.     Despite working more than forty (40) hours per week during one or more work

weeks, Defendants failed to pay Plaintiff overtime compensation at a rate of time and one-half times him regular rate of pay for hours worked over forty (40) in a workweek during one or more workweeks, contrary to §207(a) of the FLSA.

34.    Defendants have a common policy and/or pay practice which failed to pay Plaintiff all of his tips earned in violation of the FLSA.

35.    As a result, Plaintiff, was deprived of wages/tips and other damages due to him under the FLSA.

36.    Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to Plaintiff.

37.    Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

38.    Defendants acted willfully in failing to pay Plaintiff in accordance with the law.

39.    Defendants failed to maintain proper pay and time records as mandated by law.

40.    Defendants failed to post informational posters as required by law advising its employees of their rights under the FLSA.

41.    Plaintiff attempted to resolve his claims under the FLSA prior to filing the instant complaint, to no avail.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

42.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-41 above.

43.    Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per workweek.

44. From on or about August 2018 through December 2023 during his employment with Defendants, Plaintiff worked overtime hours without receiving time and one-half compensation for same during one or more workweeks contrary to the FLSA.

45. During the relevant time period (last three years) Plaintiff should have earned time and one-half compensation for each hour worked in excess of forty (40) hours per workweek.

46. Defendants had knowledge of the overtime hours worked by Plaintiff.

47. Defendants are aware of the laws which require its employees be paid overtime compensation on a week-by-week basis.

48. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

49. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff his proper overtime wages during one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

50. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

51. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants;

      a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per workweek as allowable under the statute of limitations;

    b.   Awarding Plaintiff liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

    c.   Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

    d.   Ordering any other further relief the Court deems just and proper.

## COUNT II – TIP DISGORGEMENT UNDER THE FLSA

52.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

53.    On March 23, 2018, Congress enacted, and the President signed into law, the Consolidated Appropriations Act, 2018, PL 115-141, March 23, 2018, 132 Stat. 348.

54.    Title XII, Section 1201 of the Consolidated Appropriations Act entitled "Tipped Employees" amended the FLSA to expressly create an employee's private right of action for any tips unlawfully withheld by an employer.

55.    Pursuant to 29 U.S.C. § 203(m)(2)(B), an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

56.    During the relevant time period (last three years), Defendants improperly retained the tips earned by Plaintiff.

57.    During the relevant time period (last three years), Plaintiff is entitled to an award of damages in an amount equal to the total amount of tips that were improperly withheld from him, plus an equal amount as liquidated damages.

58.    Plaintiff is also entitled to an award of reasonable attorney's fees and costs, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants for:

a) The payment of all improperly retained tips which Defendants did not properly compensate him;

c) Liquidated damages;

d) Reasonable attorneys' fees and costs incurred in this action;

e) Pre- and post-judgment interest as provided by law;

f) Trial by jury on all issues so triable;

g) Any and all further relief that this Court determines to be appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: <u>March 4, 2024</u>.

Respectfully submitted by,

***/s/ Adam Smith***

ADAM A. SMITH, ESQ.
Bar No.: 31798
RIDDLE & BRANTLY
601 N. Spence Avenue
Goldsboro, NC 27534
Telephone: (919) 779-9700
Email: AAS@justicecounts.com
*Local Counsel*

***/s/ Kimberly De Arcangelis***
KIMBERLY DE ARCANGELIS, ESQ.
Bar No.: 0025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: KimD@forthepeople.com
Trial Attorneys for Plaintiff
*Pro Hac Forthcoming*

DocuSign Envelope ID: FD22B489-73B4-4B51-B252-F4A92D2299A3

## **28 U.S.C. § 1746 Declaration Under Penalty of Perjury**

I, <u>JOSE PEGUERO</u>, declare under penalty of perjury that the foregoing Verified Complaint and Demand for Jury Trial has been translated to me in Spanish and is true and correct to the best of my knowledge.

DATED this <u>29th</u> day of February, 2024.

_Jose Peguero_

_____
JOSE PEGUERO

# DocuSign

## Certificate Of Completion

Envelope Id: FD22B48973B44B51B252F4A92D2299A3
Subject: You have new documents to sign from Morgan & Morgan
Source Envelope:
Document Pages: 10                          Signatures: 1
Certificate Pages: 1                        Initials: 0
AutoNav: Enabled
EnvelopeId Stamping: Enabled
Time Zone: (UTC-05:00) Eastern Time (US & Canada)

Status: Completed

Envelope Originator:
Becki Rodak
20 North Orange Avenue
Suite 1600
Orlando, FL 32801
brodak@forthepeople.com
IP Address: 44.229.102.225

## Record Tracking

Status: Original
    2/29/2024 2:13:35 PM

Holder: Becki Rodak
    brodak@forthepeople.com

Location: DocuSign

| Signer Events | Signature | Timestamp |
|---|---|---|
| Jose Peguero ████████████ Security Level: Email, Account Authentication (None) | *Jose Peguero* Signature Adoption: Pre-selected Style Using IP Address: ████████ Signed using mobile | Sent: 2/29/2024 2:16:06 PM Viewed: 2/29/2024 2:17:30 PM Signed: 2/29/2024 2:19:19 PM |
| **Electronic Record and Signature Disclosure:**    Not Offered via DocuSign | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 2/29/2024 2:16:06 PM |
| Certified Delivered | Security Checked | 2/29/2024 2:17:30 PM |
| Signing Complete | Security Checked | 2/29/2024 2:19:19 PM |
| Completed | Security Checked | 2/29/2024 2:19:19 PM |

| Payment Events | Status | Timestamps |
|---|---|---|