UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-00281-MOC-DCK

| | | |
|---|---|---|
| **JOSE PEGUERO**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **HALAL FOOD CART, LLC** | ) | |
| **MI BARRIO HALAL LATIN GRILL, INC.** | ) | |
| **KHURAM BASHIR**, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Defendants' motion to dismiss Plaintiff's complaint. (Doc. No. 10). This matter is fully briefed and ripe for decision. The Court will deny Defendants' motion.

**I.     Background**

Plaintiff Jose Peguero ("Peguero") brings this Fair Labor Standards Act ("FLSA") action under 29 U.S.C. §§ 207(a) and 216(b) against Defendants Mi Barrio Halal Latin Grill, Inc., Halal Food Cart, and Khuram Bashir (collectively "Defendants"). Peguero, a North Carolina resident, worked for Mi Barrio and Halal Food Cart from August 2018 through December 2023. Mi Barrio and Halal Food Cart are North Carolina corporations owned and operated by Mr. Bashir, who is also a North Carolina resident. Plaintiff asserts that Mi Barrio and Halal Food Cart are both "employers" that operate as a "joint enterprise" under the Fair Labor Standards Act ("FLSA"). (Doc. No. 1 ¶¶ 21, 24) (citing 29 U.S.C. §§ 203(d), (r), and (s)).

Peguero's complaint raises two FLSA causes of action: recovery of overtime compensation, 29 U.S.C. § 216(b), and recovery of tip disgorgement, 29 U.S.C. § 207(a). In

1

support of his overtime claim, Peguero alleges that he "worked overtime hours without receiving time and one-half compensation . . . contrary to the FLSA" and that "Defendants had knowledge of the overtime worked by Plaintiff." (Doc. No. 1 ¶¶ 44, 46). In support of his tip claim, Peguero alleges that "Defendants improperly retained the tips earned by Plaintiff" in violation of 29 U.S.C. § 203(m)(2)(B). (Id. ¶¶ 55–56).

Defendants move to dismiss under FED. R. CIV. P. 12(b)(3), citing an employment agreement signed by Peguero ("Agreement") including the following forum selection clause:

> The parties hereto hereby consent to the jurisdiction and venue of the state court located in Mecklenburg County, North Carolina, for purposes of <u>enforcing this Agreement</u> or <u>resolving any disputes or disagreements arising out of this Agreement</u>."

(emphasis added).

Defendants also move to dismiss under FED. R. CIV. P. 12(b)(6), arguing that (1) Peguero's factual allegations were insufficient to state a claim for FLSA overtime pay, and (2) Peguero's FLSA tip claim is barred by Fourth Circuit case law.

## II. Legal Standard

Defendants move to dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(3) for improper venue and 12(b)(6) for failure to state a claim.

Facing Defendants' Rule 12(b)(3) motion, Plaintiff bears the burden to show that venue is proper. See Colonna's Shipyard, Inc. v. City of Key West, 735 F. Supp. 2d 414, 416 (E.D. Va. 2010) (citing Bartholomew v. Va. Chiropractors Ass'n, 612 F.2d 812, 816 (4th Cir. 1979), overruled on other grounds by Union Labor Life Ins. Co. v. Pireno, 458 U.S. 119 (1982)). To survive a Rule 12(b)(3) challenge "the plaintiff need only make a prima facie showing of venue." Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004). Evaluating the plaintiff's prima facie

venue showing, the Court must "view the facts in the light most favorable to the plaintiff." Aggarao v. MOL Ship Mgmt. Co., 675 F.3d 355, 366 (4th Cir. 2012).

Reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

**III. Analysis**

The Court will address Defendants' 12(b)(3) and 12(b)(6) motions in turn.

**a. Defendants' Motion to Dismiss for Improper Venue**

Defendants argue that Plaintiff's suit should be dismissed for improper venue under Rule 12(b)(3) because Plaintiff signed an employment agreement consenting to litigate "any disputes or disagreements arising out of" that agreement in North Carolina (Mecklenburg County) State Court. Defendants' 12(b)(3) motion suffers from two independent fatal flaws.

First, as a matter of contract, the forum selection clause in Plaintiff's employment agreement does not specify that Mecklenburg County shall be the exclusive venue for litigation

of disputes arising from the agreement. Instead, Plaintiff merely consented to litigate in Mecklenburg County among other potential venues. For that reason alone, the Court declines to dismiss Plaintiff's complaint under Rule 12(b)(3).

Even if the language of the forum selection clause did identify Mecklenburg County as the exclusive jurisdiction for litigation of disputes arising from the employment agreement, Defendant's 12(b)(3) motion would still fall short. That is because Plaintiff's FLSA claims "are based on independent statutory rights, and are not derived" from the employment agreement. See Pacheco v. St. Luke's Emergency Assocs., P.C., 879 F. Supp. 2d 136, 141 (D. Mass. 2012); Perry v. Nat'l City Mortg. Inc., No. 05-CV-891-DRH, 2006 WL 2375015, at *4–5 (S.D. Ill. Aug. 15, 2006); Saunders v. Ace Mortg. Funding, Inc., No. 05-1437, 2005 WL 3054594, at *3 (D. Minn. Nov. 14, 2005). In other words, Plaintiff's claims do not arise out of the employment agreement and are thus not bound by its forum selection provision. Because the forum selection clause does not govern Plaintiff's FLSA claims, the Court will deny Defendants' 12(b)(3) motion.

### b. Defendants' Motion to Dismiss for Failure to State a Claim

Defendants contend that Plaintiff's claims should be dismissed against Mi Barrio and Bashir because Plaintiff's employment agreement names only Halal Food Cart as his employer. This argument is unpersuasive for two reasons. First, as noted above, Plaintiff's FLSA claims arise independent of his employment contract. Whether the contract identifies some, all, or none of the Defendants is therefore immaterial to the merits of Plaintiff's FLSA claims. Second, at the motion to dismiss stage the Court must "accept all well-pleaded allegations in the plaintiff's complaint as true." Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). Accepting as true Plaintiff's well-pleaded allegation that all three Defendants employed

him, the Court will deny Defendants' 12(b)(6) motion to dismiss Plaintiff's claims against Mi Barrio and Bashir.

Next, Defendants move to dismiss Plaintiff's FLSA overtime (29 U.S.C. § 207(a)(1)) claim. Defendants argue that Plaintiff fails to state a claim because his complaint lacks specificity and therefore falls short of the "plausibility" threshold articulated in Twombly and Iqbal. Defendants decline to support their specificity argument with any authority.

To state a plausible claim for unpaid overtime wages under the FLSA, Plaintiff must allege "(1) that [he] worked overtime hours without compensation; and (2) that the employer knew or should have known that [he] worked overtime but failed to compensate [him] for it." Alston v. Becton, Dickinson & Co., 1:12CV452, 2013 WL 4539634, at *4 (M.D.N.C. Aug. 27, 2013); see Davis v. Food Lion, 792 F.2d 1274, 1276 (4th Cir. 1986). "Thus, to make out a plausible overtime claim, a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium for those overtime hours." Hall v. DIRECTV, LLC, 846 F. 3d 757, 777 (4th Cir. 2017). Plaintiff can meet his burden "by estimating the length of [his] average workweek during the applicable period and the average rate at which [he] was paid, the amount of overtime wages [he] believes [he] is owed, or any other facts that will permit the court to find plausibility." Id. (quoting Landers v. Quality Commc'ns, Inc., 771 F.3d 638, 645 (9th Cir. 2014), cert. denied, ––– U.S. ––––, 135 S.Ct. 1845 (2015)).

Here, Plaintiff alleges that he "regularly worked in excess of forty hours per week without receiving overtime pay." (Doc. No. 1 ¶¶ 32, 44) (emphasis added). From that factual allegation—which relates to the "length and frequency" of his allegedly unpaid work, Hall, 846

5

F. 3d at 777—the Court infers that Plaintiff's overtime complaint is plausible. Put another way, Plaintiff's contention that he "regularly" worked more than 40 hours per week without overtime compensation constitutes "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Allen v. Express Courier Int'l, Inc, No. 3:24-cv-00281, 2018 WL 3577263 (W.D.N.C. July 25, 2018) (cleaned up) (quoting Iqbal, 556 U.S. at 678). The Court will, therefore, deny Defendants' motion to dismiss Plaintiff's FLSA overtime claim.

Finally, Defendants move to dismiss Plaintiff's FLSA tip claim based on the Fourth Circuit's holding in Trejo v. Ryman Hospitality Props., 795 F.3d 442, 448 (4th Cir. 2015). In Trejo, the Fourth Circuit held that the FLSA provision in question, 29 U.S.C. § 203(m)(2)(B), "does not apply to employees . . . , who are seeking only the recovery of tips unrelated to a minimum wage or overtime claim." Because Plaintiff does not allege that Defendants' tip withholding left him making less than minimum wage or deprived him of overtime pay, Defendants argue, Plaintiff fails to state a Section 203(m) claim in light of the rule in Trejo. (Doc. No. 10 at 9).

Defendants, however, fail to engage with Congress' 2018 (i.e., post-Trejo) amendments to the FLSA. Those amendments, in relevant part, stipulate that "[a]n employer may not keep tips received by its employees for any purposes . . . regardless of whether or not the employer takes a tip credit," 29 U.S.C. § 203(m)(2)(B), and that "[a]ny employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected." 29 U.S.C. § 216(b). The 2018 FLSA amendments thus vitiated the limitation read into Section 203(m) by the Trejo Court. See Firestone v. Food Concepts, LLC, No. 2:22-CV-04020-BHH, 2024 WL 578454, at *4 (D.S.C. Feb. 13, 2024). The Court will, therefore, deny Defendants' motion to dismiss Plaintiff's FLSA tip claim on Trejo grounds.

6

## IV. Conclusion

For the foregoing reasons, the Court will deny Defendants' motion to dismiss Plaintiff's complaint in its entirety.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to dismiss (Doc. No. 10) is hereby **DENIED**.

Signed: August 8, 2024

Max O. Cogburn Jr.
United States District Judge