UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-281-MOC

| | |
|---|---|
| JOSE PEGUERO, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>)<br>) **ORDER** |
| MI BARRIO HALAL LATIN GRILL, INC., et al., | )<br>)<br>) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Dismiss Defendants' counterclaims. (Doc. No. 23).

## I. BACKGROUND

On March 6, 2024, Plaintiff filed a Verified Complaint, alleging unpaid overtime under the Fair Labor Standards Act ("FLSA"). Defendants filed a First Amended Answer to Verified Complaint, which includes the following counterclaims against Plaintiff: violation of the North Carolina Trade Secrets Protection Act ("NC-TSA") and Federal Defend Trade Secrets Act ("DTSA") (Count One), and a claim for breach of contract under North Carolina law (Count Two). Plaintiff has now filed the pending motion to dismiss Defendants' counterclaims under FED. R. CIV. P. 12(b)(1). Defendants have filed a response, Plaintiff has filed a reply, and this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Federal district courts are courts of limited subject matter jurisdiction, "possess[ing] only the jurisdiction authorized them by the United States Constitution and by federal statute."

1

United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2008). As such, "there is no presumption that the court has jurisdiction." Pinkley, Inc. v. City of Frederick, Md., 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 327, 327 (1895)). When the existence of subject matter jurisdiction is challenged under FED. R. CIV. P. 12(b)(1), "[t]he plaintiff has the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). If subject matter jurisdiction is lacking, the claim must be dismissed. See Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006). "Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (citing United States v. Cotton, 535 U.S. 625, 630 (2002)).

Compulsory counterclaims are within the court's supplemental jurisdiction. A compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," while a permissive counterclaim does not. See FED. R. CIV. P. 13(a). To determine whether a counterclaim is compulsory, courts consider: (1) whether "the issues of fact and law raised in the claim and counterclaim [are] largely the same(;)" (2) whether "res judicata [would] bar a subsequent suit on the party's counterclaim, absent the compulsory counterclaim Rule"; (3) whether "substantially the same evidence support(s) or refute(s) the claim as well as the counterclaim"; and (4) whether "there [is] any logical relationship between the claim and counterclaim." Painter v. Harvey, 863 F.2d 329, 331 (4th Cir. 1988) (citing Sue & Sam Mfg. Co. v. B–L–S Constr. Co., 538 F.2d 1048 (4th Cir. 1976)). Unlike a compulsory counterclaim, a permissive counterclaim must have an independent jurisdictional basis such as federal question or diversity jurisdiction. See Sue & Sam Mfg. Co., 538 F.2d at 1051. However,

courts have discretion to dismiss permissive counterclaims that threaten to unduly complicate the litigation. Yassa v. EM Consulting Grp., Inc., 261 F. Supp. 3d 564, 566 (D. Md. 2017).

**III. DISCUSSION**

The Court first finds that it lacks jurisdiction over Defendants' state law counterclaims, and those claims are not compulsory under Painter's four-pronged inquiry. As to the first prong, Plaintiff's FLSA claim and Defendants' counterclaims raise different questions of fact and law. Here, Plaintiff's FLSA claims, and the defenses to those claims, are primarily limited to the following narrow inquiries: whether Plaintiff worked overtime hours for which he was not paid, and, if so, how many unpaid overtime hours Plaintiff worked during the relevant period. On the other hand, Defendants' counterclaims involve inquiries as to whether Plaintiff stole recipes and trade secrets in violation of an agreement between the parties.

Defendants' counterclaims do not logically relate to Plaintiff's straightforward FLSA claim for overtime. See Carroll v. Dan Rainville & Assocs., Inc., No. CV SAG-17-849, 2017 WL 4777706, at **1–4 (D. Md. Oct. 23, 2017) (dismissing defendant's counterclaims for breach of contract and misappropriation of trade secrets in Plaintiff's FLSA case); Tedrow v. NVR, Inc., No. 4:24-CV-227-JD, 2024 WL 3971032, at **1–3 (D.S.C. Aug. 7, 2024) (dismissing breach of contract counterclaim from Plaintiff's FLSA claim); Colborn v. Forest Good Eats, LLC, No. 5:19-CV-431-D, 2020 WL 5629765, at **3–9 (E.D.N.C. Sept. 21, 2020) (dismissing defendants' counterclaims for breach of contract and unfair deceptive trade practices as not compulsory to an FLSA claim).

Next, res judicata will not bar a subsequent suit on Defendants' counterclaims. "The doctrine of res judicata provides that final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that

action." <u>Venture Eng'g, Inc. v. Tishman Constr. Corp. of S.C.</u>, 600 S.E.2d 547, 550 (S.C. Ct. App. 2004). Plaintiff's claim only involves hours worked as it relates to overtime compensation versus the completely unrelated subject matter of whether Plaintiff stole Defendants' recipes and trade secrets. The parties do not need to adjudicate the breach of contract/trade secret act violation claims to resolve the limited FLSA claim. Even if the FLSA claim were resolved, Defendants would not be precluded from bringing its breach of contract/trade secret act counterclaims in a subsequent action.

As to the third prong, Defendants' counterclaims do not involve "substantially the same evidence" as required to be compulsory. Again, Plaintiff's claims rely solely on the number of overtime hours he worked and whether any overtime hours remain unpaid during the relevant period. On the other hand, Defendants' counterclaims will require evidence as to (1) whether Plaintiff entered into a valid contract/agreement with each Defendant; (2) whether Plaintiff was bound by any agreements with Defendants involving trade secrets; (3) if so, whether Plaintiff had access to information covered by the NC-TSA; (4) whether Plaintiff in fact misappropriated and used such trade secrets; and (5) if so, what damages, if any, Defendants suffered. Thus, the evidence to support Defendants' counterclaims will vastly differ from the evidence to support Plaintiff's FLSA claim.

As to the fourth prong, there is no logical relationship between Plaintiff's FLSA claim and Defendants' counterclaims. Indeed, where the only connection between the parties' claims and counterclaims is the employer-employee relationship, "numerous federal courts have refused to exercise supplemental jurisdiction over counterclaims to a FLSA claim." <u>Willliams</u>, 558 F.2d at 606.

Finally, as discussed above, Defendants not only assert a counterclaim under

4

Case 3:24-cv-00281-MOC-DCK    Document 30    Filed 12/30/24    Page 4 of 6

NC-TSA, but also under the federal DTPA. Courts retain discretion to dismiss permissive counterclaims. Yassa, 261 F. Supp. 3d at 566; Beck v. Access eForms, LP, No. 4:16-CV-985, 2018 WL 295414, at *5 (E.D. Tex. Jan. 4, 2018) (dismissing the counterclaims in a FLSA case using the court's discretion even though the court had original jurisdiction over the federal counterclaims). This is particularly true when the separate causes of action in the same case would "unduly complicate the litigation and add little benefit in terms of judicial economy." Yassa, at 566–67. Also, because the FLSA is a public policy statute designed to protect workers' rights to overtime and minimum wages, counterclaims in FLSA matters are disfavored. Id.; Beck, 2018 WL 295414, at *5 ("The public policy of refusing to allow counterclaims in FLSA cases applies equally to the Court's refusal to entertain Defendant's federal counterclaim…."). Numerous circuit courts agree that counterclaims in FLSA cases are inappropriate. For example, the Fifth Circuit has held that both setoffs and counterclaims are inappropriate in cases brought to enforce the FLSA's minimum wage and overtime obligations. Brennan v. Heard, 491 F.2d 1, 4 (5th Cir. 1974) (rev'd on other grounds, McLaughlin v. Richard Shoe Co., 486 U.S. 128 (1988)). "The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards," and "[t]o clutter [FLSA] proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act." Id.[1] Similarly, the Tenth Circuit has held that, "the purpose of the present [FLSA] action is to bring [the employer] into compliance with the Act …. To permit him in such a proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole

---

[1] See also Barrios v. S. & Caribbean Agencies, Inc., No. 18-21550-CIV, 2019 WL 341178, at *5 (S.D. Fla. Jan. 28, 2019) (holding that even asserting a federal counterclaim violates the Brennan rule because such counterclaims would necessarily reduce Plaintiff's FLSA overtime recovery).

process." <u>Donovan v. Pointon</u>, 717 F.2d 1320, 1323 (10th Cir. 1983). Indeed, the Fourth Circuit has observed that counterclaims that in effect seek to indemnify an employer against its own violation of the FLSA are impermissible. <u>Lyle v. Food Lion, Inc.</u>, 954 F.2d 984, 987 (4th Cir. 1992). Allowing such counterclaims would inevitably deter employees from asserting their rights under the FLSA. <u>Provencher v. Bimbo Bakeries USA, Inc.</u>, 705 F. Supp. 3d 238, 250 (D. Vt. 2023). Therefore, the Court will use its discretion to dismiss Defendants' permissive federal counterclaim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Dismiss Defendants' counterclaims, (Doc. No. 23), is **GRANTED**.

Signed: December 30, 2024

Max O. Cogburn Jr
United States District Judge